IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10226
Conference Calendar
_____


FAYE RENE WEBSTER,

                                          Plaintiff-Appellant,

versus

CITY OF AMARILLO, TEXAS, ET AL.

                                          Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:94-CV-140
- - - - - - - - - -
August 22, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

On June 9, 1994, Faye Rene Webster filed a civil rights suit pursuant to 42 U.S.C. § 1983, alleging that the defendants wrongfully seized her property without due process of law.  The district court granted the defendants' motion for summary judgment and dismissed Webster's complaint as time-barred.

This court reviews a district court's grant of summary judgment *de novo*.  Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Cir.), cert. denied, 113 S. Ct. 82 (1992). Federal courts apply state personal-injury limitations periods to actions brought under § 1983. Owens v. Okure, 488 U.S. 235, 249-50 (1989). The applicable Texas limitations period is two years. Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989). Federal law determines when a § 1983 action accrues for the purpose of applying the statute of limitations. Id. "Under federal law, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury," Helton v. Clements, 832 F.2d 332, 334 (5th Cir. 1987), or when "the plaintiff is in possession of the `critical facts' that he has been hurt and the defendant is involved." Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988) (quoting Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980)).

Webster's property was seized in June 1990. As the defendants pointed out in their motion for summary judgment, Webster admitted in deposition testimony that within weeks of the seizure she became aware that the law enforcement officers' catalog of items seized failed to list several pieces of her property. She stated that the absence of those pieces of property from the list led her to believe that she had been treated improperly. Accordingly, Webster's cause of action against the defendants under § 1983 accrued during the summer of 1990 when she became aware of the "critical facts" that she had been hurt. Webster did not file her complaint until almost four years later. Pursuant to the governing two-year period of limitations, the district court correctly dismissed Webster's complaint as time-barred.

AFFIRMED.